OCT. 1798.

Hartison
vs.
Steele.

## GENERAL COURT, OCTOBER TERM, 1798.

### TRISLER *vs.* WILLIAMSON.

APPEAL from Frederick county court. It was an action of *assumpsit* for goods, wares and merchandize, sold &c. *quantum valebat* for goods, &c. and *insimul computassit*. The general issue and limitations pleaded.

#### BILLS OF EXCEPTIONS.

1. At the trial the plaintiff, (the now appellee,) produced a witness, *(Francis J. Mitchell,)* who swore, that in January, 1795, the defendant owed the plaintiff 204*l.* 10*s.* 4*d.* for goods, &c. sold and delivered. That the plaintiff sent the witness to receive payment of the defendant, and authorised him to receive from the defendant goods and book debts in discharge of his said claim, upon such terms. as the witness should think proper. That the witness did, on the 15th of January 1795, receive from the defendant goods, and a verbal transfer of book debts, with a delivery of the book in which the same accounts were entered, to the amount of the said claim of 204*l.* 10*s.* 4*d.* on account of the plaintiff's said demand, and passed his receipt therefor. That before the execution of the said receipt, the defendant told the witness that the debts were all good, and would be paid upon being demanded. That the witness objected to receiving some of the said accounts so transferred; but the defendant insisted he should take them all, or that he should have none. That the witness. insisted, that by the receipt which he should pass to the defendant, the defendant should be made answerable for all the debts so assigned, which could not be recovered; but, that the defendant refused to deliver the goods, or transfer the said debts, unless the witness would give him an unconditional receipt in full. Whereupon the witness received the goods, and confiding in the representation of the defendant as to the existence of the debts to be transferred, and the solvency of the respective debtors charged, as represented by the defendant, received from him the book containing the accounts, with a verbal trans-

---

*(a)* Notes of the argument of the defendant's counsel have not been procured—and in other cases where there is no sketch given of the argument of counsel, the omission was for the reason above stated.

fer and authority to collect the same, and gave the receipt aforesaid. But that the defendant verbally promised him he would make good any of the debts so transferred as aforesaid in case they should not be collected, as he had represented they might be. The witness also proved, that some time after the defendant went to Baltimore, and the plaintiff, together with Messrs. *Patterson & M'Ilhiney,* prevailed upon the defendant to make them a written assignment in the book of accounts so transferred, by which assignment the defendant and the plaintiff, and Messrs. P. & M. agreed that the plaintiff and Messrs. P. & M. should use due diligence in the recovery of the said debts, and that the defendant should be answerable for such as could not be collected.

The plaintiff also proved, by another witness, that the said book of accounts was put into the hands of *John Hoffman,* in the fall of 1795, to collect, who within three days applied to several of the debtors therein named, who refused to pay the money, and denied that they owed the defendant any thing. That of this denial and refusal the said J. H. gave the defendant notice. That the defendant answered, the balances as stated were due, and if he owed the debtors who had refused to pay those balances, they must pay the balances, and call on him for their claims. That the defendant got the said book of accounts into his hands under pretence of examining the accounts, and whilst in his possession *tore out the said last mentioned assignment,* and substituted another in the room thereof in the said book.

Upon this the defendant prayed the court to direct the jury, that the whole of the evidence which related to the assignment in Baltimore above stated, to the plaintiff, *Patterson & M'Ilhiney,* and to the tearing of the said assignment, was improper, incompetent, and inadmissible evidence in this cause.

Which direction the Court, (*Potts,* Ch. J.) refused to give; but gave to the jury the following direction: That if it appeared to them that the representation given by the defendant to *Mr. Mitchell,* who executed the receipt, was at the time thereof a true and fair representation of the several debts transferred, and debtors charged, that in that case the plaintiff's original cause of action was extinguished by the said receipt, and that he had failed in supporting his declaration, and they would give a verdict for the defendant. But the Court also directed the jury, that the plaintiff, by the receipt by his agent *Mr. Mitchell,* was not precluded from going into evidence to shew that the said receipt was obtained by fraud, misrepresentation and imposition, on the part of the defendant, and that if they were satisfied it was so obtained, the plaintiff's original cause of action was not thereby extinguished, or barred.

The Court further informed the jury, that to prove the misrepresentation and imposition, as alleged by the plaintiff in obtaining the receipt aforesaid, any thing which passed between the defendant and *Mr. Mitchell,* at the execution thereof or afterwards, and any thing which passed between the defendant and the plaintiff at the execution of the written assignment, and the contents of the written assignment stated to have been torn out of the book aforesaid by the defendant, was admissible evidence for their consideration.　The defendant excepted, &c.

2. The defendant, by his counsel, on the aforegoing state of this case, prayed the court to give the following direction to the jury: "That the receipt in this cause produced and read to the jury, was conclusive evidence to bar the plaintiff from recovering in this present action." But the Court were of opinion, and so directed the jury, that if they were of opinion that the book debts so transferred as aforesaid, were all good, and might have been received by demanding them, that then the said receipt was conclusive to bar the plaintiff from recovering in this action, but that if they were of opinion that the said book debts were not all good, and that they could not be received by demanding them from the parties from whom they were stated to be due, and that the said receipt was gained under the false representations of the defendant, that then the said receipt was no bar to the recovery by the plaintiff upon this action.　The defendant excepted, &c.

The *verdict* and judgment being for the plaintiff, the defendant appealed to this court

THE GENERAL COURT *affirmed* the judgment of the County Court.